**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,　　　　) ) ) ) Plaintiff, ) ) v. ) ) REGGIO'S PIZZA, INC. ) ) Defendant. ) ) | Civil Action No.  **C O M P L A I N T**  **JURY TRIAL DEMAND** |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to correct unlawful employment practices on the basis of retaliation and provide appropriate relief to an individual who was adversely affected by such practices. As alleged with greater particularity below, Reggio's Pizza, In. ("Reggio's" or "Defendant") discriminated against an employee ("Aggrieved Individual") when it engaged in retaliation for her opposing unlawful employment practices, including discharging her because she objected to sex and race harassment, in violation of Title VII.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and 706(f)(3) of Title VII, as amended, 42 U.S.C. § 2000e-5(f)(1) and § 2000e-5(f)(3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the

jurisdiction of the United States District Court for the Northern District of Illinois.

3. Plaintiff United States Equal Employment Opportunity Commission ("EEOC" or "Commission") is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and 706(f)(3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and 2000e-5(f)(3).

4. Defendant sells both fresh-made and frozen pizzas at several retail locations in Chicago, including several locations at O'Hare Airport.

5. At all relevant times, Defendant has continuously been a corporation doing business in the State of Illinois, in Cook County.

6. At all relevant times, Defendant has continuously had at least 15 employees.

7. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

8. More than thirty days prior to the institution of this lawsuit, EEOC Charge No. 440-2020-03891 was filed with the Commission alleging violations of Title VII by Defendant.

9. On April 30, 2024, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Defendant violated Title VII by discriminating against the Aggrieved Individual by retaliating against her for opposing Defendant's unlawful employment practices.

10. The Commission invited Defendant to join with the EEOC in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

11. The Commission engaged in communications with Defendant to provide it with the

opportunity to remedy the discriminatory practices described in the Letter of Determination.

12. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

13. On August 7, 2024, the Commission issued to Defendant a Notice of Failure of Conciliation.

14. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

15. Since at least March 2020, Defendant has engaged in unlawful employment practices at its location in O'Hare Airport, in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a). In particular:

a) The Aggrieved Individual began working at Defendant as a cashier on or about January 24, 2020.

b) During her employment, the Aggrieved Individual complained to the company that she believed a manager had outed her to other employees, that is, revealed to other employees that she is transgender.

c) After she was outed, coworkers repeatedly misgendered her, that is, referred to her as male and using male pronouns. On or about March 3, 2020, such conduct by coworkers prompted a customer to make an offensive comment about the Aggrieved Individual, who is also Black, referring to her as a "fucking faggot nigger."

d) Later the same day, on or about March 3, 2020, the Aggrieved Individual reported this additional, highly-offensive sex-based and race-based harassment to a manager.

e) Immediately after the Aggrieved Individual's March 3, 2020 complaint, the manager took away the Aggrieved Individual's airport badge, preventing her from further

reporting to work at the airport.

    f)  As set forth above, the Aggrieved Individual communicated with Defendant to oppose harassment she reasonably believed to be unlawful.

    g)  Defendant failed to address or remedy the harassment.

    h)  As a result of the Aggrieved Individual's opposition to sex- and race-based harassment, Defendant discharged her.

16.    The effect of the practices complained of above in Paragraphs 15 has been to deprive the Aggrieved Individual of equal employment opportunities and otherwise adversely affect her status as an employee because of her opposition to employment practices she reasonably believed to be unlawful under Title VII.

17.    The unlawful employment practices complained of above were intentional.

18.    The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of the Aggrieved Individual.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from subjecting its employees to discriminatory or retaliatory treatment in violation of Title VII.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for its employees regardless of sex, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole the Aggrieved Individual, by providing appropriate backpay, in amounts to be determined at trial, and other affirmative relief necessary to

eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or front pay in lieu of reinstatement.

D. Order Defendant to make whole the Aggrieved Individual by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

E. Order Defendant to make whole the Aggrieved Individual by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including, but not limited to, emotional pain, suffering, humiliation, and inconvenience, in amounts to be determined at trial.

F. Order Defendant to pay the Aggrieved Individual who was subjected to the unlawful practices alleged above punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

G. Order Defendant to pay the Aggrieved Individual who was subjected to the unlawful practices alleged above prejudgment interest.

H. Grant such further relief as the Court deems necessary and proper in the public interest.

I. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint that do not relate solely to equitable relief.

Dated September 25, 2024

Karla Gilbride  
General Counsel  
Equal Employment Opportunity Commission  
131 M Street, N.E., 5th Floor

Washington, D.C. 20507

Gregory Gochanour
Regional Attorney
EEOC Chicago District Office
230 South Dearborn Street, Ste. 2920
Chicago, IL 60604
Email: gregory.gochanour@eeoc.gov

Justin Mulaire
Assistant Regional Attorney
EEOC Chicago District Office
230 South Dearborn Street, Ste. 2920
Chicago, IL 60604
Email: justin.mulaire@eeoc.gov

Laurie Elkin
Trial Attorney
EEOC Chicago District Office
230 South Dearborn Street, Ste. 2920
Chicago, IL 60604
Telephone: 312-872-9708
Email: Laurie.Elkin@eeoc.gov

s/ Miles Shultz
Miles Shultz
Trial Attorney
EEOC Chicago District Office
230 South Dearborn Street, Ste. 2920
Chicago, IL 60604
Telephone: 312-872-9718
Email: Miles.Shultz@eeoc.gov