IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>REGGIO'S PIZZA, INC.<br><br>Defendant. | Civil Action No. 1:24-cv-08910<br>Honorable Andrea R. Wood |

## JOINT INITIAL STATUS REPORT

1. **Nature of the Case**

    A. Identify the attorneys of record for each party, including the lead trial attorney.

    <u>EEOC</u>
    Miles Shultz, lead trial attorney
    Laurie Elkin
    Justin Mulaire

    <u>Reggio's Pizza, Inc.</u>
    R. Delacy Peters, Jr., lead trial attorney
    Anthony L. Schumann
    Susan B. Frischer

    B. Identify any parties that have not yet been served.

    None.

    C. State the basis for federal jurisdiction.

    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and 706(f)(3) of Title VII, as amended, 42 U.S.C. § 2000e-5(f)(1) and § 2000e-5(f)(3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

    D. Describe generally the nature of the claims asserted in the complaint and any counterclaims.

    The EEOC alleges that Reggio's Pizza discriminated against an employee ("aggrieved individual") when it engaged in retaliation for her opposing unlawful employment practices, including discharging her because she objected to sex and race harassment, in violation of Title VII. *See* Compl.,

ECF No. 1.

Defendant, Reggio's Pizza denies that it violated the alleged aggrieved individual's rights in any way.

E. State the major legal and factual issues in the case.

Whether Reggio's Pizza discharged the aggrieved individual in retaliation for opposing unlawful employment practices.

Whether Defendant had legitimate, non-discriminatory and non-retaliatory reasons for its employment actions towards the alleged aggrieved individual.

Issues regarding monetary relief, including backpay, compensatory damages, and punitive damages. Issues regarding the number of employees in regards to the damages cap.

Issues regarding injunctive relief.

F. Describe the relief sought.

The EEOC seeks backpay, compensatory and punitive damages, and injunctive relief.

Defendant denies that the alleged aggrieved individual is entitled to any monetary or injunctive relief, and denies that it violated the alleged aggrieved individuals rights in any way.

2. **Case Plan**

   A. Identify all pending motions.

   Defendant intends to file a motion to request an additional 30 days to answer the complaint shortly.

   B. State whether any defendant anticipates responding to the complaint by motion and, if so, the basis for the intended motion.

   Defendant respectfully requests an additional 30 days to answer the complaint for otherwise plead, to and including December 27, 2024. Defendant may or may not respond to the complaint by motion and is still in the process of investigating the allegations made in the complaint.

   C. Submit a proposed discovery plan, including the following information:

   i. the general type of discovery needed;

   The parties anticipate document requests, interrogatories, depositions, and requests for production of documents.

ii. whether discovery will encompass electronically stored information (ESI) and any anticipated issues regarding disclosure or discovery of ESI, including the form or forms in which it should be produced;

Discovery will likely include ESI. The parties do not at this time anticipate an issue regarding production or ESI.

iii. any issues or agreements regarding claims of privilege or protection of trial preparation materials, including whether the parties desire that the Court enter an order regarding a procedure to assert such claims after production pursuant to Federal Rule of Evidence 502(d);

The parties do not at this time anticipate issues regarding privilege claims.

iv. the date(s) on which disclosures under Federal Rule of Civil Procedure 26(a)(1) were made or will be made;

30 days after the Defendant answers the complaint or otherwise pleads.

v. the date by which the parties will complete fact discovery;

Eight months after Defendant answers the complaint or otherwise pleads.

vi. whether expert discovery is contemplated and, if so, dates by which disclosures under Federal Rule of Civil Procedure 26(a)(2) will be made and expert depositions completed;

The parties do not at this time anticipate expert discovery.

vii. what changes, if any, should be made to the limitations on discovery imposed under the Federal Rules of Civil Procedure or the requirements of the Local Rules of the Northern District of Illinois, such as changes in the number of depositions or interrogatories permitted; and

None at this time.

viii. the date by which the parties must file any dispositive motions.

Two months following the close of discovery.

D. State whether there has been a jury demand and the estimated length of the trial.

EEOC's complaint includes a jury demand. The parties anticipate the trial to be no longer than 3 to 4 days.

3. **Settlement**

A. State whether any settlement discussions have occurred and describe the status of

any such discussions. Do *not* provide the particulars of any settlement demands/offers.

Prior to filing suit, the EEOC attempted to settle this matter through its statutory conciliation process. The parties have not engaged in substantive settlement discussions since concluding conciliation efforts.

B. State whether the parties believe that a settlement conference would be productive at this time.

The parties do not believe a settlement conference would be productive at this time.

**4. Consent to Proceed Before a Magistrate Judge**

A. State whether counsel have informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment, and whether the parties unanimously consent to that procedure. Do *not* indicate which parties consented or did not consent.

The parties have discussed consenting to a Magistrate Judge with their clients for all purposes, and do not unanimously consent.

Dated: November 20, 2024                                  Respectfully submitted,


s/ Miles Shultz
MILES SHULTZ

Trial Attorney
U.S. Equal Employment
Opportunity Commission
Chicago District Office
230 S. Dearborn St., Suite 2920
Chicago, Illinois 60604
(312) 872-9718
Miles.shultz@eeoc.gov


/s/   R. Delacy Peters, Jr.

R. Delacy Peters, Jr. ARDC# 6202429
208 North Green Street
Chicago, Illinois 60607-1702
(312) 871-1940
rdpeters@rdpetersjr.com
**Counsel for Defendant,
Reggio's Pizza, Inc.**