**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) ) ) | |
| **Plaintiff,** | ) ) | **Case No. 24-CV-08910** |
| v. | ) ) | **Honorable Andrea R. Wood** |
| **REGGIO'S PIZZA, INC.** | ) ) ) | |
| **Defendant.** | ) ) | |

**DEFENDANT REGGIO'S PIZZA, INC.'S ANSWER TO <u>PLAINTIFF'S
COMPLAINT, JURY DEMAND, AND AFFIRMATIVE DEFENSES</u>**

Defendant Reggio's Pizza, Inc. ("Reggio's" or "Defendant") by R. Delacy Peters, Jr. Esq., through R. Delacy Peters, Jr. and Quintairos, Prieto, Wood & Boyer, P. A., through Anthony L. Schumann, answers Plaintiff's Complaint, and states its jury demand and affirmative defenses as follows:

<u>JURISDICTION AND VENUE</u>

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and 706(f)(3) of Title VII, as amended, 42 U.S.C. § 2000e-5(f)(1) and § 2000e-5(f)(3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

**<u>ANSWER</u>:     Defendant admits the allegations contained in Paragraph 1.**

2.     The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Illinois.

**<u>ANSWER</u>:     Defendant admits that the unlawful employment practices alleged in the Complaint are alleged to have occurred within the jurisdiction of the United States**

District Court for the Northern District of Illinois. **Defendant denies that any unlawful employment practices occurred.**

3.      Plaintiff United States Equal Employment Opportunity Commission ("EEOC" or "Commission") is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and 706(f)(3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and 2000e-5(f)(3).

**ANSWER:      Defendant admits the allegations contained in Paragraph 3.**

4.      Defendant sells both fresh-made and frozen pizzas at several retail locations in Chicago, including several locations at O'Hare Airport.

**ANSWER:      Defendant admits the allegations contained in Paragraph 4.**

5.      At all relevant times, Defendant has continuously been a corporation doing business in the State of Illinois, in Cook County.

**ANSWER:      Defendant admits the allegations contained in Paragraph 5.**

6.      At all relevant times, Defendant has continuously had at least 15 employees.

**ANSWER:      Defendant admits the allegations contained in Paragraph 6.**

7.      At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

**ANSWER:      Defendant admits the allegations contained in Paragraph 7.**

ADMINISTRATIVE PROCEDURES

8.      More than thirty days prior to the institution of this lawsuit, EEOC Charge No. 440-2020-03891 was filed with the Commission alleging violations of Title VII by Defendant.

**ANSWER:** **Defendant admits the allegations contained in Paragraph 8.**

9.      On April 30, 2024, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Defendant violated Title VII by discriminating against the Aggrieved Individual by retaliating against her for opposing Defendant's unlawful employment practices.

**ANSWER:** **Defendant admits that the Commission issued a Letter of Determination dated April 30, 2024, and that the Letter of Determination speaks for itself.**

10.      The Commission invited Defendant to join with the EEOC in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

**ANSWER:** **Defendant admits that the Commission invited Defendant to join with the EEOC in informal methods of conciliation. Defendant denies the remaining allegations contained in Paragraph 10, including that Defendant has committed unlawful discriminatory practices that require elimination or appropriate relief.**

11.      The Commission engaged in communications with Defendant to provide it with the opportunity to remedy the discriminatory practices described in the Letter of Determination.

**ANSWER:** **Defendant admits the Commission engaged in communications with Defendant. Defendant denies the remaining allegations contained in Paragraph 11, including that Defendant has committed unlawful discriminatory practices that require remedy.**

12.      The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

**ANSWER:** **Defendant admits the allegations contained in Paragraph 12.**

13.      On August 7, 2024, the Commission issued to Defendant a Notice of Failure of

Conciliation.

**ANSWER:** **Defendant states that on August 6, 2024, the Defendant advised the Commission that due to the Commission's unreasonable demands the efforts to conciliate the charge had become unachievable and the matter was not able to be resolved. Following that Defendant admits that the Commission issued a Notice of Failure of Conciliation.**

14. All conditions precedent to the institution of this lawsuit have been fulfilled.

**ANSWER:** **Defendant denies that the Commission conducted a reasonable investigation into this matter and that the Commission participated in a good faith conciliation effort.**

<u>STATEMENT OF CLAIMS</u>

15. Since at least March 2020, Defendant has engaged in unlawful employment practices at its location in O'Hare Airport, in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a). In particular:

a) The Aggrieved Individual began working at Defendant as a cashier on or about January 24, 2020.

b) During her employment, the Aggrieved Individual complained to the company that she believed a manager had outed her to other employees, that is, revealed to other employees that she is transgender.

c) After she was outed, coworkers repeatedly misgendered her, that is, referred to her as male and using male pronouns. On or about March 3, 2020, such conduct by coworkers prompted a customer to make an offensive comment about the Aggrieved Individual, who is also Black, referring to her as a "fucking faggot nigger."

d)  Later the same day, on or about March 3, 2020, the Aggrieved Individual reported this additional, highly-offensive sex-based and race-based harassment to a manager.

e)  Immediately after the Aggrieved Individual's March 3, 2020 complaint, the manager took away the Aggrieved Individual's airport badge, preventing her from further reporting to work at the airport.

f)  As set forth above, the Aggrieved Individual communicated with Defendant to oppose harassment she reasonably believed to be unlawful.

g)  Defendant failed to address or remedy the harassment.

h)  As a result of the Aggrieved Individual's opposition to sex- and race-based harassment, Defendant discharged her.

**ANSWER:    Defendant admits the allegation contained in Paragraph 15, subparagraph a, and denies the remaining allegations contained in Paragraph 15 including subparagraphs b through h.**

16.    The effect of the practices complained of above in Paragraphs 15 has been to deprive the Aggrieved Individual of equal employment opportunities and otherwise adversely affect her status as an employee because of her opposition to employment practices she reasonably believed to be unlawful under Title VII.

**ANSWER:    Defendant denies the allegations contained in Paragraph 16.**

17.    The unlawful employment practices complained of above were intentional.

**ANSWER:    Defendant denies the allegations contained in Paragraph 17.**

18.    The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of the Aggrieved Individual.

**ANSWER:    Defendant denies the allegations contained in Paragraph 18.**

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from subjecting its employees to discriminatory or retaliatory treatment in violation of Title VII.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for its employees regardless of sex, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole the Aggrieved Individual, by providing appropriate backpay, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or front pay in lieu of reinstatement.

D. Order Defendant to make whole the Aggrieved Individual by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

E. Order Defendant to make whole the Aggrieved Individual by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including, but not limited to, emotional pain, suffering, humiliation, and inconvenience, in amounts to be determined at trial.

F. Order Defendant to pay the Aggrieved Individual who was subjected to the unlawful practices alleged above punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

G. Order Defendant to pay the Aggrieved Individual who was subjected to the unlawful practices alleged above prejudgment interest.

H. Grant such further relief as the Court deems necessary and proper in the public interest.

I. Award the Commission its costs of this action.

**ANSWER:** **Defendants having fully answered the allegations in Plaintiff's Complaint denies that Plaintiff suffered damages or violation of her rights and further denies Plaintiff is entitled to any relief in this matter whatsoever, and requests that this Court dismiss the Complaint in its entirety, with prejudice, and for such other and further relief as this Court deems just and proper under the circumstances.**

## DEFENDANT'S JURY TRIAL DEMAND

**Defendant demands a trial by jury pursuant to Federal Rules of Civil Procedure 38(b) on all issues so triable.**

## AFFIRMATIVE DEFENSES

1. Plaintiff's claims are barred in that she voluntarily resigned from her job and was not fired or terminated.

2. Plaintiff's claims are barred in that she failed to properly report her alleged complaint.

3. Plaintiff's claims are barred in that the alleged wrongful action exercised by Defendant was mandated by federal law and set forth by the City of Chicago as required at O'Hare Airport where Plaintiff was employed.

4. Plaintiff's claims are barred in that she did not allow Defendant an opportunity to

investigate or take action regarding her alleged claims.

5.     Plaintiff's claims are barred to the extent that she failed to exhaust her administrative remedies before bringing suit.

6.     Plaintiff's claims are barred to the extent that she failed to file an EEOC charge of discrimination within 300 days of the alleged discriminatory or alleged retaliatory actions.

7.     The actions taken by Defendant with respect to Plaintiff were taken in good faith and without respect to Plaintiff's sex or race.

8.     Defendant would have taken the same employment actions in the absence of the alleged impermissible motivation.

9.     Defendant had legitimate, non-discriminatory, and non-retaliatory reasons for its employment decisions concerning Plaintiff which were job-related and consistent with business necessity.

10.     Plaintiff's claims for damages are barred to the extent that she failed to properly mitigate her alleged damages.

11.     Plaintiff's claim for harassment is barred because Defendant exercised reasonable care to prevent and correct any allegedly harassing conduct.

Dated December 27, 2024

Respectfully submitted,

*/s/ Anthony L. Schumann*
Anthony L. Schumann
Attorney for Defendant Reggio's Pizza, Inc.

Anthony L. Schumann
E-mail: Anthony.Schumann@qpwblaw.com
Susan B. Frischer
E-mail: Susan.Frischer@qpwblaw.com
Quintairos, Prieto, Wood & Boyer, P.A.
111 W. Monroe Street, Suite 700
Chicago, Illinois 60603
Telephone: (312) 566-0040
Facsimile: (312) 566-0041
Firm ID: 48947

R Delacy Peters, Jr.
E-mail: rdpeters@rdpetersjr.com
R Delacy Peters, Jr., Esq.
200 North Green Street
Chicago, Illinois 60607
Telephone: (312) 871-1940
Attorney ID: 6202429