**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | No. 24-cv-08910 |
| v. | ) ) | Judge Andrea R. Wood |
| REGGIO'S PIZZA, INC., | ) ) | |
| Defendant. | ) | |

## ORDER

Intervenor Aggrieved Individual's motion for leave to intervene and for leave to proceed under a pseudonym [24] is granted with respect to Aggrieved Individual's request to intervene but denied, based on the current record, to the extent Intervenor seeks to proceed in this case pseudonymously. The Court will allow Intervenor either to move this Court for reconsideration its denial of leave to proceed pseudonymously or take an immediate appeal of this order. To the extent necessary, the Court grants Intervenor's request to certify this order for immediate appeal pursuant to 28 U.S.C. § 1292, and finds that there is a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation. To allow Intervenor the opportunity to seek reconsideration or appeal of this order, the Aggrieved Individual shall be permitted to continue under a pseudonym until April 30, 2026, or until otherwise ordered by the Court. If Intervenor notices an appeal or files a motion for reconsideration, she shall be permitted to continue under a pseudonym until the matter is resolved. If Intervenor moves for reconsideration, her motion shall make a particularized showing of the substantial risk of harm that she, herself, will face if she is not permitted to proceed in this case under a pseudonym. Plaintiff Equal Employment Opportunity Commission's motion to voluntarily dismiss [20] is granted and the EEOC is dismissed as Plaintiff without prejudice. Plaintiff's motion to stay [37] is denied as moot. See the accompanying Statement for details.

## STATEMENT

Plaintiff Equal Employment Opportunity Commission ("EEOC") initiated this action against Defendant Reggio's Pizza, Inc. ("Reggio's") on behalf of a former Reggio's employee ("Aggrieved Individual"). In its complaint, the EEOC alleged that, during her time working at Reggio's, the Aggrieved Individual was harassed because she is a Black transgender woman and was terminated after she complained about that harassment. Thus, the EEOC asserted claims against Reggio's pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*

After the EEOC initiated this action, the President of the United States issued an Executive Order stating that it is the policy of the federal government that there are only two sexes—male and female—and those sexes are not changeable. Subsequently, the Office of Personnel Management issued guidance directing all federal employees to comply with and effectuate the Executive Order. Because the EEOC determined that continuing with this litigation would be inconsistent with the Executive Order, it filed a motion to voluntarily dismiss itself from the litigation.[1] (Dkt. No. 20.) Subsequently, the Aggrieved Individual filed a motion for leave to intervene in the action and assert claims on her own behalf under Title VII as well as the Illinois Human Rights Act, 775 ILCS 5/1-101 *et seq.* (Dkt. No. 24.) The Aggrieved Individual's motion for leave to intervene is granted and, accordingly, the EEOC's motion to voluntarily dismiss is granted. The EEOC is dismissed from this action without prejudice.

As part of her motion to intervene, the Aggrieved Individual requests leave to proceed in this action under a pseudonym. Reggio's opposes the Aggrieved Individual's request for anonymity. The Court agrees with Reggio's that the Aggrieved Individual has failed to demonstrate circumstances that warrant allowing her to conceal her identity in this matter.

"The norm in federal litigation is that all parties' names are public." *Doe v. Trs. of Ind. Univ.*, 101 F.4th 485, 491 (7th Cir. 2024). As such, the Seventh Circuit has "repeatedly voiced [its] disfavor of parties proceeding anonymously, as anonymous litigation runs contrary to the rights of the public to have open judicial proceedings and to know who is using court facilities and procedures funded by public taxes." *Doe v. Village of Deerfield*, 819 F.3d 372, 376–77 (7th Cir. 2016). Nonetheless, "[i]n narrow circumstances it is possible to overcome the presumption that parties' identities are public information, and the possible prejudice to the opposing party from concealment. A party seeking to proceed by pseudonym must show that the harm to the party exceeds the likely harm from concealment." *Roe v. Dettelbach*, 59 F.4th 255, 259 (7th Cir. 2023) (internal quotation marks omitted). Use of a pseudonym is often permitted in situations where it is necessary to "protect[] the identities of children, rape victims, and other particularly vulnerable parties." *Deerfield*, 819 F.3d at 377 (internal quotation marks omitted).

Here, the Aggrieved Individual seeks anonymity because she does not wish to be publicly identified as a transgender woman since many people in her life know her only as a woman and do not know that she is transgender. The Aggrieved Individual cites two district courts in this Circuit that have allowed a litigant to use a fictitious name to conceal their transgender status. *Doe v. Bd. of Trs. of the Univ. of Ill.*, No. 19-CV-1107, 2020 WL 13883397, at *2 (C.D. Ill. Apr. 13, 2020); *Doe v. United States*, No. 16-cv-0640-SMY-DGW, 2016 WL 3476313, at *1 (S.D. Ill. June 27, 2016). Those district courts reasoned that anonymity was warranted for the transgender litigants "because of the social stigma associated with non-conforming gender identities." *Doe v. Univ. of Ill.*, 2020 WL 1388397, at *2 (quoting *Doe v. United States*, 2016 WL 347613, at *2). Yet the Seventh Circuit has since expressly rejected "stigmatization from the community and the public at large" as a basis for proceeding under a pseudonym. *Doe v. Ind. Univ.*, 101 F.4th at 492.

---

[1] Initially, the EEOC sought leave to voluntarily dismiss itself with prejudice but it subsequently indicated that it was amenable to the dismissal being without prejudice. (Dkt. No. 31.)

The Aggrieved Individual also contends that, as a Black transgender woman, she faces a real risk to her safety if she is required to litigate this action under her true name. "A substantial risk of harm—either physical harm or retaliation by third parties, beyond the reaction legitimately attached to the truth of events as determined in court—may justify anonymity." *Id.* at 491. As the Aggrieved Individual notes, transgender women, particularly transgender women of color like herself, face an elevated risk of violence and other crimes. If the Aggrieved Individual would be meaningfully "outed" from being required to proceed by her true name in this action, she would have a compelling case for proceeding under a pseudonym. But Reggio's highlights that the Aggrieved Individual has previously identified herself as a transgender woman in a news article that used the Aggrieved Individual's current legal name and is publicly accessible on the internet. And that article is listed near the top of the results from a Google search of the Aggrieved Individual's full name.

Given that the Aggrieved Individual's transgender status is already a fact that can be easily discovered on the internet, the record before the Court does not provide a basis to conclude that requiring the Aggrieved Individual to proceed under her real name would meaningfully increase her exposure to the risk of anti-transgender violence. Nor can the Aggrieved Individual justify proceeding under a pseudonym by relying solely on evidence of animus toward transgender women generally. Although not dispositive, a recent unpublished Seventh Circuit decision suggests that, to justify a request to proceed pseudonymously, a litigant must rely on more than just general evidence of animus toward a particular minority group. *Doe v. Young*, No. 24-2871, 2025 WL 927320, at *2 (7th Cir. Mar. 27, 2025) ("While we credit the history of racial violence and prejudice that Doe describes, the existence of this racial animus alone—without facts particularizing a threat to Doe—is not enough to show that Doe faces a tangible risk of retaliation."). Rather, the litigant must "present specific facts showing that [she] is a potential subject of the . . . animus [she] describes." *Id.* Denying the Aggrieved Individual leave to proceed under a pseudonym would not appear to expose her publicly as a transgender woman beyond what she already disclosed herself in the news article. And she has otherwise failed to make a particularized showing of how proceeding under her legal name in this action would expose her to a substantial risk of harm. Consequently, the Court denies the Aggrieved Individual's motion for leave to proceed under a pseudonym.

In the event that the Court denies her request to proceed pseudonymously, as it has now done, the Aggrieved Individual requests that the Court certify its denial as immediately appealable. It is well-established in this Circuit that "denials of motions to proceed anonymously are immediately appealable because they meet the three elements of the collateral order doctrine." *Deerfield*, 819 F.3d at 376. But because the denial is an immediately appealable collateral order, the Court does not believe that its certification is required for the Aggrieved Individual to appeal. Rather, a certification for immediate appeal is provided for by 28 U.S.C. § 1292(b), and applies only to interlocutory orders "not otherwise appealable under" § 1292. By contrast, the Court's denial of leave to proceed anonymously is a collateral order that is immediately appealable as a final decision under 28 U.S.C. § 1291. *Weir v. Propst*, 915 F.2d 283, 285 (7th Cir. 1990). Nonetheless, out of an abundance of caution, the Court will grant the Aggrieved Individual's request to certify the issue for immediate appeal.

3

But because this Court's denial of leave to proceed pseudonymously is due to the Aggrieved Individual's failure to make a particularized showing of the risk of substantial harm she would face from proceeding under her legal name, the Court would also entertain a motion for reconsideration, if the Aggrieved Individual believes she can make such a showing. Such a motion should include appropriate evidentiary support.

Dated:  March 31, 2026

_____
Andrea R. Wood
United States District Judge

4